IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **MONTRECE BOLDEN,** | § | CASE NUMBER: 3:21-cv-0006 |
| | § | |
| Plaintiff, | § | |
| | § | |
| versus | § | |
| | § | |
| **AMERICAN AIRLINES, INC.,** | § | |
| | § | |
| Defendant. | § | |

### PLAINTIFF'S OPPOSITION TO DEFENDANT'S
### 12(B)(6) MOTION TO DISMISS PLAINTIFF'S ORIGINAL COMPLAINT OR, ALTERNATIVELY, MOTION TO TRANSFER VENUE

**TO THE HONORABLE JUDGE OF SAID COURT:**

**NOW COMES** Plaintiff MONTRECE BOLDEN, who, in opposition to Defendant's Motion to Dismiss Plaintiff's Original Complaint pursuant to FRCP 12(b)(6), respectfully shows the following:

### STATEMENT OF THE CASE AND PROCEDURAL HISTORY

On or about July 24, 2020, Plaintiff, an African American woman, was booked on American Airlines Flight Number 1605 from DFW Airport to Raleigh/Durham, North Carolina to attend a business event and was assigned to Boarding Group 5, Seat 7E.

As Plaintiff approached the gate agent to board the plane, she was told the overhead bins were full and that she would have to check here carry-on bag. Plaintiff complied with the gate agent's instructions and handed over her carry-on bag. As Plaintiff did so, she overheard the gate agent tell the couple behind her that they would have to pick up their carry-on bags in Washington, D.C.  Not understanding, Plaintiff asked the gate agent whether the plane was going

to Washington, D.C.  The gate agent replied that the plane was going to Raleigh/Durham but that the bags would end up in Washington, D.C. The gate agent then commanded Plaintiff to go down the jetway to board the plane.

Plaintiff, thinking she might be on the wrong flight, hesitated and asked the gate agent for clarification as to why her bags would end up in Washington, D.C., rather than at her destination in Raleigh/Durham.  Instead of giving Plaintiff any explanation, the gate agent told Plaintiff that she was already late and rudely commanded Plaintiff to go down the jetway or she (the gate agent) would pull her (Plaintiff) off the plane.  When Plaintiff neared the end of the jetway, she attempted to ask the baggage handler why her bags were going to Washington, D.C.  At that point, the gate agent the gate agent stormed up and yelled at Plaintiff to get on the plane.

In response, Plaintiff boarded the plane, but stopped to ask a flight attendant where the plane was headed.  At that point, the gate agent interrupted the conversation by yelling "I'm so sick of you people.  If you would have booked your ticket right instead of traying to beat the system, you would know where you're going!  Just for that, you won't fly with American again!" and escorted Plaintiff off the plane.

As Plaintiff was being escorted off the plane, she asked the baggage handler to give her her bag.  As the baggage handler started to hand the bag to Plaintiff, the gate agent told him to stop and "send that shit to Washington!"  The gate agent then proceeded to berate Plaintiff by saying "you people are always trying to get over.  Not on my watch!"

As Plaintiff and the gate agent returned to the boarding area, Plaintiff asked to speak to a supervisor.  In response, the gate agent told Plaintiff that no supervisors were available.  The gate agent then entered something into her computer, shut it down, and left. Plaintiff asked another

American Airlines employee if she could speak to a supervisor. The employee stated the gate agent who had just left was a supervisor and that there was nothing she (the employee) could do.

Plaintiff then went back to the ticketing area and, after a lengthy wait, was given to a supervisor named "Rose", who apologized to Plaintiff for the treatment she received from the gate agent, telling Plaintiff that she (the gate agent) had no authority to remove her from the flight. Rose then attempted to book Plaintiff on another flight but, in the process of doing so, discovered that Plaintiff was blocked in the system. Rose then attempted to override the block on Plaintiff but, while doing so, wound up charging Plaintiff's credit card 9 times, which caused a block on Plaintiff's bank account.

In the end, Plaintiff was put on another flight, but she arrived in Raleigh after her business event had concluded and she did not get her bags until late that night.

## STANDARD OF REVIEW

It is well-established that Rule 12(b)(6) motions are heavily disfavored in the law, and a court will rarely encounter circumstances that justify granting them. *Malone v. Addicks Utility District of Harris County,* 836 F.2d 921, 926 (5th Cir. 1988); *Southern Christian Leadership Conference v. Supreme Court of the State of* Louisiana, 252 F.3d 781, 786 (5th Cir.), *cert. denied*, 534 U.S. 995 (2001); *Lowrey v. Texas A&M University* System, 117 F.3d 242, 247 (5th Cir. 1997). Rather, liberal discovery rules and summary judgment motions, not motions to dismiss, should be used to define disputed facts and issues and to dispose of unmeritorious claims. *Furstenfeld v. Rogers*, No. 03-02 CV 0357 L, 2002 U.S. Dist. LEXIS 11823, at *5 (N.D. Tex. Jul. 1, 2002). Consequently, a court may dismiss a claim only when it is clear no relief can be granted under any set of facts that could be proved consistent with the allegations found in the complaint. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984).

The Federal Rules of Civil Procedure require that each claim in a complaint include "a short and plain statement . . . showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The claims must include enough factual allegations "to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Thus, "to survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).

In the present matter,

## ARGUMENT AND AUTHORITY

A.   **DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S 42 U.S.C. § 1981 CLAIM SHOULD BE DENIED.**

42 U.S.C. § 1981 states the following:

"(a)   Statement of equal rights

All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.

(b)   "Make and enforce contracts" defined

For purposes of this section, the term "make and enforce contracts" includes the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship.

(c)   Protection against impairment

The rights protected by this section are protected against impairment by nongovernmental discrimination and impairment under color of State law."

The United States Supreme Court recently held that 42 U.S.C. § 1981 ("Section 1981") claims are governed by a "but for" causation standard at every stage of the litigation, including the pleading stage.[1]

In her Complaint, Plaintiff pled the following facts:

1. Plaintiff is African American;

2. Defendant's employee prevented Plaintiff from taking her ticketed flight; and

3. In so doing, Defendant's employee referred to Plaintiff in such a way as to leave no doubt that she was referring to Plaintiff's race when she said, "I'm sick of you people" and "you people are always trying to get over."[2]

A summary of the allegations contained in Plaintiff's Complaint as they relate to her Section 1981 claim shows the following:

1. When Plaintiff bought a ticket from the Defendant, she contracted with Defendant to have equal rights of performance, benefits, privileges, terms, and conditions of the contract entered into and the right to be treated equally and in a manner free from discrimination pursuant to Section 1981 as set forth above;

3. Defendant intentionally, purposefully, and maliciously discriminated against Plaintiff based on her race when, by and through its employees and agents, Plaintiff was removed from her contracted flight – not for any wrong committed, **but for** "Flying While Black."

---

[1] *Comcast Corp. v. National Association of African American Owned Media*, 589 U.S. ___, 140 S. Ct. 2561; 206 L. Ed. 2d 493.

[2] Plaintiff's Original Complaint [Doc. 1] at ¶¶ 8, 18, and 21.

**Plaintiff's Opposition to Defendants' 12(b)(6) Motion to Dismiss, etc.**                                                                 Page 5

4. Defendant had no legitimate reason or justification to remove Plaintiff from the flight. Rather, Plaintiff's removal was for racial and for prejudicial reasons because she is recognizably African American.[3]

The foregoing shows that Plaintiff's Complaint contains sufficient factual matter articulated in a cause of action stated as a "but for" proposition that states a claim that is plausible on its face. For this reason, Defendant's Motion to Dismiss Plaintiff's Section 1981 claim should be denied.

**B.    DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S TITLE II OF THE CIVIL RIGHTS ACT OF 1964 CLAIM SHOULD BE DENIED.**

Title II of the Civil Rights Act of 1964 states the following, in relevant part:

"SEC. 201. (a) All persons shall be entitled to the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of any place of public accommodation . . . without discrimination or segregation on the ground of race, color, religion, or national origin.

\*\*\*

SEC. 203. No person shall (a) withhold, deny, or attempt to withhold or deny, or deprive or attempt to deprive, any person of any right or privilege secured by section 201 . . .

SEC. 204. (a) Whenever any person has engaged or there are reasonable grounds to believe that any person is about to engage in any act or practice prohibited by section 203, a civil action for preventive relief, . . .may be instituted by the person aggrieved . . . (b) In any action commenced pursuant to this title, the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs.

---

[3] *Id.,* at ¶¶ 31-35.

As discussed above, Plaintiff's Complaint contains sufficient factual matter to state a claim that is plausible on its face in the context of Title II of the Civil Rights Act of 1964. For this reason, Defendant's Motion to Dismiss Plaintiff's Civil Rights claim should be denied.

C. **DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S 42 U.S.C. § 200d CLAIM SHOULD BE DENIED.**

42 U.S.C. § 200d states the following:

"No person in the United States shall, on the ground of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance."

One only needs to read a newspaper to be aware of the amount of Federal financial assistance Defendant has received of late. At the risk of being redundant, Plaintiff's Complaint contains sufficient factual matter to state a claim that is plausible on its face in the context of 42 U.S.C. § 200d for the reasons stated above. Accordingly, Defendant's Motion to Dismiss Plaintiff's Complaint pursuant to 42 U.S.C. § 200d should be denied.

D. **DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S NEGLIGENCE CLAIM SHOULD BE DENIED.**

The Restatement (3d) of Torts states the following at Section 14:

"An actor is negligent if, without excuse, the actor violates a statute that is designed to protect against the type of accident the actor's conduct causes, and if the accident victim is within the class of persons the statute is designed to protect."

To prevail on Plaintiff's negligence claim, she must prove the following:

(1) the existence of a legal duty owed by one person to another to protect the latter against injury; (2) a breach of that duty; and (3) damages proximately resulting from the breach. *Firestone Steel Products Co. v. Barajas*, 927 S.W.2d 608, 613 (Tex. 1996).

As discussed above, Plaintiff's Complaint contains sufficient factual matter to state facially plausible claims for Defendant's violations of 42 U.S.C. § 1981, Title II of the Civil Rights Act of 1964, and 42 U.S.C. § 200d.  Plaintiff articulated how those facts constitute a claim for negligence as follows:

"Defendant is a commercial airline in the business of providing air transportation to passengers and as such, is a common carrier bound by a heightened duty of care to its passengers. Plaintiff was equally owed this duty of care as a paying and ticketed passenger of Defendant.

Defendant racially discriminated against Plaintiff and acted negligently, breaching its duty of care to Plaintiff in the following ways:

    a.    In failing to act reasonably in providing a safe travel environment free from hostility and racial discrimination;

    b.    In failing to act with the highest care and vigilance of a cautious person in providing a safe travel environment free from hostility and racial discrimination;

    c.    In failing to honor contractual relationships; and

    d.    In failing to treat a person of color the same way as other passengers.

Consequently, Plaintiff's Negligence Claim should not be dismissed.

E.    **DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S CLAIM FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

Plaintiff waives her claim for Intentional Infliction of Emotional Distress.

F.    **DEFENDANT'S MOTION TO TRANSFER THIS CASE TO THE FT. WORTH DIVISION OF THE NORTHERN DISTRICT OF TEXAS**

Plaintiff has no objection to transferring this case to the Ft. Worth Division of the Northern District of Texas.

## CONCLUSION

For the foregoing reasons, Plaintiff prays this Court deny Defendant's FRCP 12(b)(6) Motion to Dismiss her Original Complaint in its entirety and for all general and equitable relief to which she may be entitled.

Respectfully Submitted:

WILLIAM A. PIGG, PLLC

/s/ William A. Pigg
SBN 24057009
wapigg@pigglawfirm.com
10455 N. Central Expressway, Suite 109
Dallas, Texas 75231
Tel. (214) 551-9391
Fax. (214) 602-8832
Attorney for Plaintiff MONTRECE BOLDEN

## NOTICE OF ELECTRONIC FILING

I HEREBY CERTIFY that I have electronically submitted for filing, a true and correct copy of the above in accordance with the Electronic Case Files System of the Southern District of Texas on March 12, 2021.

*/s/ William A. Pigg*
Attorney for Plaintiff Montrece Bolden

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the above has been served on counsel for Defendant via electronic notification through the Electronic Case Files System of the Northern District of Texas on March 12, 2021.

*/s/ William A. Pigg*
Attorney for Plaintiff Montrece Bolden